UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

LAWRENCE WORKS,

    Movant,

v.                                        Case No. 3:16-cv-05514
                                              Case No. 3:14-cr-00195-1

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 43). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On September 10, 2014, Movant, Lawrence Works (hereinafter "Defendant"), was indicted on two controlled substance offenses, one count of being a felon in possession of a firearm, and one count of possessing a firearm in furtherance of a drug trafficking crime. (ECF No. 1). On April 13, 2015, Defendant pled guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 32-34). Defendant's plea agreement included a waiver of appeal, unless his sentencing guideline range exceeded a level 26,

and also included a waiver of any post-conviction collateral attack, except for a claim of ineffective assistance of counsel.  (ECF No. 33 at 5).

On August 3, 2015, Defendant was sentenced to a 46-month term of imprisonment, followed by a three-year term of supervised release, and was ordered to pay a $100 special assessment.   (ECF No. 37).   Defendant's sentencing guideline calculation, which was found to be a level 23, with a criminal history category of I, included a two-level enhancement under section 2D1.11(b)(1) of the United States Sentencing Guidelines ("USSG") for possessing a dangerous weapon, because two firearms were seized from his residence, along with a quantity of heroin.  This enhancement appears to be the basis of Defendant's present motion.  Defendant did not appeal his sentence to the United States Court of Appeals for the Fourth Circuit.

On June 20, 2016, Defendant filed the instant section 2255 motion (ECF No. 43), asserting that Defendant is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[1]  Defendant, however, was not sentenced under the

---

[1] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year ... that

> (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  Subsection (i) is known as the "elements" or "force" clause.  The first part of subsection (ii) is known as the "enumerated offense" clause.  The emphasized portion of subsection (ii) is known as the "residual" clause.

ACCA. Instead, Defendant asserts that *Johnson* invalidates his two-level enhancement under USSG § 2D1.11(b)(1) for possession of a dangerous weapon during his offense of conviction, and that, absent that enhancement, he would be eligible for an additional two-level reduction under the "safety valve" provision in USSG § 2D1.1(b)(17).

Because it is evident that Defendant is not entitled to any relief under section 2255, the undersigned has not ordered a response by the United States of America.

## **ANALYSIS**

Defendant argues that the decision in *Johnson* invalidates his two-level enhancement imposed under USSG § 2D1.11(b)(1) for possessing a dangerous weapon, and that, without that two-level enhancement, he would qualify for the safety valve under USSG § 2D1.1(b)(17).[2] However, Defendant's *Johnson* claim has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), and otherwise lacks merit.

In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the

---

[2] USSG § 2D1.1(b)(17) provides that, if the defendant meets the criteria set forth in subdivisions (1)-(5) of USSG § 5C1.2(a), his offense level should be reduced by two levels. Those criteria are as follows: (1) the defendant does not have more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, and was not engaged in a continuing criminal enterprise; and (5) not later than the sentencing hearing, the defendant truthfully provided the government with all information and evidence known to him concerning the offense. *See* UNITED STATES SENTENCING GUIDELINES MANUAL §§ 2D1.1(b)(17) and 5C1.2(a)(1)-(5).

Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

In light of *Beckles*, any argument that the holding in *Johnson* also invalidates the sentencing guidelines as being void for vagueness is without merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Moreover, section 2D1.11(b)(1) does not contain a residual clause and, thus, is unaffected by the *Johnson* decision. Therefore, *Johnson* is wholly inapplicable to Defendant's case. Additionally, because the finding that he possessed a dangerous weapon during his offense of conviction still stands, Defendant is not eligible for a reduction under the safety valve provision in USSG § 2D1.1(b)(17). Accordingly, Defendant is not entitled to any relief under section 2255.

## **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 43) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed

Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant at his last known address, and to transmit a copy to counsel of record.

June 21, 2018

Dwane L. Tinsley
United States Magistrate Judge